UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON DEDRICK, an individual,

Plaintiff,

v.

VETERANS AFFAIRS DEPARTMENT OF THE STATE OF WASHINGTON,

Defendant

No. C05-0470-MJP

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This motion comes before the Court on Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1)(2)(5)(6). Plaintiff is a pro se litigant who alleges several issues against the Washington State Department of Veterans Affairs. Broadly construing the complaint, Plaintiff may be alleging several claims: 1) tortious interference with a business relationship or expectancy; 2) misappropriation of trade secrets under RCW 19.108.010; 3) medical malpractice; 4) a 42 U.S.C. § 1983 claim; 5) misrepresentation by the military. Defendant argues that Plaintiff fails to state any claim upon which relief can be granted and that the Court lacks subject matter and personal jurisdiction.

## BACKGROUND

Plaintiff was medically discharged from his naval service and given disability based on serious mental illness. Since 1998 he has nurtured a small business, the Art in Space Foundation, and pursued the creation of a futuristic mechanized horse-drawn carriage. He has alleged that the Washington State Department of Veterans Affairs (WDVA) has interfered and attempted to destroy his enterprises through heavy anti–psychotic medication and refusal to grant him funds. His disability finances are

ORDER - 1

disbursed to him through the WDVA's estate management program such that the agency handles his finances and provides money for his living expenses and medical care. The WDVA has refused to give him access to his finances for investment in his enterprise or payment of legal expenses. The Court GRANTS Defendant's motion and DISMISSES all of Plaintiff's claims for lack of federal subject matter jurisdiction.

## DISCUSSION

Plaintiff explicitly alleges a tort claim against the Washington State Department of Veterans Affairs ("WDVA") for interference in business expectancy. The complaint may also contain a claim for medical malpractice as Plaintiff refers to "medication of anti-psychotic [sic] with improper guidance," "professional neglect– continuing course of treatment," and "permanent physical damage to the liver." Plaintiff is clearly unhappy with the medication and medical care he has received from the military. Additionally, Plaintiff seems to allege misrepresentation since "legal assistance was promised upon enlistment as relates to the Debentured Web Contract and other small business concerns" but that "the fundamental policy deficiencies and lack of well trained U.S. ARMY staff to review merit of legitimate and viable buisness plans caused examiners to dispel concepts as psychotic." Plaintiff appears to believe the military promised legal assistance for his business concerns but never provided these services.

*A. The Federal Tort Claims Act*

The alleged tort claims (tortious interference, medical malpractice and misrepresentation) against the WDVA suffer from a fatal flaw because Plaintiff bases them on 28 U.S.C. § 2671 which is the Federal Tort Claims Act ("FTCA"). The FTCA allows citizens to sue the federal government in tort: "the United States shall be liable, respecting the provisions of this title relating to tort claims..." 28 U.S.C. § 2674. Jurisdiction for such a suit is conferred upon the District Court by 28 U.S.C. § 1346(b). However, Plaintiff's reliance on the FTCA and the jurisdictional provision are inapt because Defendant is a Washington state agency--not a federal agency. Washington state law created the

ORDER - 2

1  WDVA such that "[a]ll powers, duties, and functions now or through action of this
2  legislature...relating to veterans and veteran affairs are transferred to the department." RCW
3  43.60A.020. The WDVA is independent of the federal Department of Veterans Affairs, although the
4  enabling statute does acknowledge that "rules and regulations as may become necessary to entitle the
5  state to participate in federal funds may be adopted, unless the same be expressly prohibited by law."
6  RCW 43.60A.904. This potential connection to the federal agency, however, does not render the
7  WDVA a federal agency liable for tort claims under the FTCA. Any liability incurred by the United
8  States Department of Veterans Affairs or the United States Military does not extend to the WDVA.
9  The WDVA is a Washington state entity to which the FTCA does not apply. As a result, the District
10 Court lacks subject matter jurisdiction over Defendant.

*B. Sovereign Immunity*

Defendant has sovereign immunity as provided by the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. Although not specifically in the language of the Amendment, the courts have extended the prohibition to citizen suits against the state of residence such that "an unconsenting State is immune from suits brought in federal courts by her own citizens." Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (quoting Employees v. Missouri Dep't of Pub. Health and Welfare, 411 U.S. 279, 280 (1973)). See, Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 303 (1990). This immunity extends to state agencies. See, In re Pegasus Gold Corp., 294 F.3d 1189, 1195 (9th Cir. 2005) (agencies of the state are immune from private damage actions in federal court); Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). States can abrogate this immunity by waiver; however, that waiver must be "unequivocally expressed." Pennhurst, 465 U.S. at 99.

ORDER - 3

Washington state has not consented to waiving its Eleventh Amendment protections. The WDVA's motion to dismiss invokes the immunity as protection against Plaintiff's suit which is evidence of the agency's intention to retain the protection. See, Yakima Indian Nation v. State of Washington Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999) (the state agency asserted sovereign immunity as an affirmative defense in its first responsive pleading). Washington state has not given up its Eleventh Amendment immunity for civil rights claims. See, Hontz v. State, 105 Wn.2d 302, 309-10 (1986); Rains v. State, 100 Wn.2d 660, 667-68 (1983).

Defendant asserts that Plaintiff may have attempted to state a claim under 42 U.S.C. § 1983 with the general statement "the very foundation of my rights and privileges as an American Citizen [sic] have been circumnavigate [sic] by the powers vested the Veteran's Administration [sic]..." (Complaint). Defendant also claims that the WDVA is immune from such a claim because of Eleventh Amendment immunity. As discussed above, state agencies are immune from suit in federal court without consent and Washington has explicitly retained this immunity in regards to 42 U.S.C. § 1983 claims. See, Hontz, 105 Wn.2d at 309-10, Rains, 100 Wn.2d 667-68.

*C. Supplemental Jurisdiction*

Because the FTCA does not apply to torts against state agencies and Eleventh Amendment immunity prevents federal suits against states and their entities, this Court does not have subject matter jurisdiction over the claims alleged. Since both Plaintiff and Defendant are Washington state residents, the Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because the Court lacks federal question and diversity jurisdiction, it also lacks supplemental jurisdiction to hear any state law claims, such as state tort actions for tortious interference with business expectancy, medical malpractice or misrepresentation. 28 U.S.C. § 1367.

The Court's lack of supplemental jurisdiction also applies to Plaintiff's claim for misappropriation of trade secrets under RCW 19.108.010. The statute defines misappropriation as "(a)

ORDER - 4

Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (b) Disclosure or use of a trade secret of another without express or implied consent..." For the purposes of this statute, a "person" includes a "government" or "governmental subdivision or agency." RCW 19.108.010(3). As a result, the WDVA is clearly an entity capable of being sued under the UTSA. However, the UTSA creates a state law claim and this Court does not have subject matter, diversity or supplemental jurisdiction to hear such a suit.

## CONCLUSION

Plaintiff makes many allegations in his complaint and supporting documents, however this Court does not have subject matter jurisdiction over any of the potential claims. As a result, the Court GRANTS Defendant's motion and DISMISSES the claims.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 19th, 2005

**Marsha J. Pechman**
**United States District Judge**

ORDER - 5